Argued December 22, 1909, decided January 11, 1910.

**EUGENE PLANING MILL CO. v. SNELL.**

[106 Pac. 21.]

MECHANICS' LIENS—ENFORCEMENT—SUFFICIENCY OF EVIDENCE.

Evidence *held* to show that the amount demanded had been paid defendant's contractor to plaintiff and that plaintiff had credited the amount to the contractor's account instead of to defendant's account.

From Douglas: JAMES W. HAMILTON, Judge.

Statement by MR. CHIEF JUSTICE MOORE.

This is a suit by the Eugene Planing Mill Company, a corporation, against Edward and Laura A. Snell to foreclose an alleged lien for material furnished by the plaintiff to a contracter who used it in the construction of a house for the defendants.

The sum demanded in the complaint, aside from attorney's fee and expense, is $204.75, no part of which, it is alleged, has been paid.

The answer denies the material averments of the complaint, and states that the following payments were made on account of the material received, to wit, December 28, 1906, $75; and January 19, 1907, $80; and that no credits had been given therefor. The defendants deposited with the clerk of the lower court at the disposal of the plaintiff $84, which sum, it is asserted in the answer, was tendered to it prior to instituting this suit.

The reply put in issue the allegations of new matter in the answer, whereupon the cause was referred, and, from the testimony taken, the court found that the alleged payments were received, but never credited on the defendants' account, and for that reason the claim did not contain a true statement of the plaintiff's demand, after deducting all offsets, thereupon dismissing the suit, and it appeals.                              AFFIRMED.

For appellant there was a brief over the names of *Mr. I. N. Harbaugh* and *Mr. John A. Buchanan,* with an oral argument by *Mr. Buchanan.*

No appearance for respondent.

Opinion by MR. CHIEF JUSTICE MOORE.

The testimony shows that M. L. Buley, having contracted with the defendants to build for them a house, secured from the plaintiff the material therefor. The defendants made payments to Buley on account of the contract, and from the money so received he delivered to the plaintiff, at the times alleged in the answer, the sums specified therein, but it gave him credit therefor on his own personal account. The original check executed to the plaintiff December 28, 1906, by Buley, has been brought up, and it appears therefrom that the phrase "Snell Job" is written on the face thereof. The agents

of the plaintiff who received the order drawn on the bank and gave Buley credit therefor on his personal account, severally testified that when the check was handed to them it did not contain the memorandum referred to and which now appears thereon. Buley, as a witness, was unable to say whether or not the words "Snell Job" were, written by him. He testified that he gave the plaintiff's agent a check for $75 and also $80 in money. He was thereupon asked, in referring to such sums and to the defendants' indebtedness to the plaintiff: "Was that paid on this account?" To which he replied:

"That is what I told him it was for. I don't know whether it was credited on that or not."

Q. "But you say you told him it was for that?"
A. "Yes, sir."

C. F. Somars, plaintiff's agent, as its witness, testified he was positive that when Buley's check was delivered to him it did not have written thereon the words "Snell Job." Referring to the payment of the sum of $80, this witness said: "There was no understanding with me that it was to be applied on that," meaning the Snell account.

Q. "Was the word 'Snell' used?"
A. "We may have talked about the Snell job but I don't remember it. But as far as telling me to apply it on the Snell job, I think that is a mistake."

This witness, in other parts of his testimony, denies that Buley ordered the money so paid to be credited on any particular account. Somars' declaration, however, that there was no "understanding" with him that the payment was to have been credited on the Snell account, seems to be an implied admission that the contractor directed how the money should be applied, but that he did not agree thereto. So, too, Somars' statement, that he thought Buley's sworn declaration that he had directed how the credits should have been made was a mistake, is so mild in its contradiction as to leave an inference

that the plaintiff's agent hesitated expressly to deny the testimony of the contractor.

We feel satisfied that the trial court properly found that the lien contained a false statement of the plaintiff's claim, and, this being so, the decree is affirmed.

AFFIRMED.